IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARY LOUISE LOVATO, representative of
GUADALUPE DURAN, deceased,

    Plaintiff,

vs.

No. CV 11-634-MV/KK

THI OF NEW MEXICO AT VIDA
ENCANTADA, LLC, *et al.*,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant[1] THI of New Mexico at Vida Encantada, LLC's ("THI" or the "Facility") Motion to Vacate or Modify Arbitration Award of Costs and Interest [Doc. 41], Plaintiff's Cross-Motion to Confirm Arbitration Award and Award of Interest, Fees and Costs [Doc. 45], Defendant THI's Motion to Vacate Arbitration Award [Doc. 47] and the Arbitrator's Motion to Compel Payment of Arbitrator's Fees [Doc. 57]. The Court, having considered the Motions, briefs, relevant law, and being otherwise fully-informed, finds that THI of New Mexico at Vida Encantada, LLC's Motion to Vacate or Modify Arbitration Award of Costs and Interest [Doc. 41] is not well-taken and will be **DENIED,** that Plaintiff's Cross-Motion to Confirm Arbitration Award and Award of Interest, Fees and Costs [Doc. 45] is well-taken and will be **GRANTED,** that

---

[1]     In accordance with the convention adopted by the Parties, the Court will refer to THI as "Defendant" and Lovato as "Plaintiff," although the Parties' titles were reversed in the previous action before the Court.

1

Defendant THI's Motion to Vacate Arbitration Award [Doc. 47] is not well-taken and will be **DENIED,** and that the Arbitrator's Motion to Compel Payment of Arbitrator's Fees [Doc. 57] is **MOOT.**

## BACKGROUND

The procedural history of this case is complex, but need not be recited in detail to resolve the Motions before the Court. On August 16, 2010, Plaintiff sued Defendant THI, among other defendants, in New Mexico state court for "for wrongful death and injuries that Ms. Mary Louise Lovato allegedly sustained while she was a resident at the Facility [THI]." Doc. 41-1 at 2. Nearly a year later, on July 18, 2011, THI filed a petition in this Court to compel Plaintiff to submit her claims against the Facility to arbitration. *See generally* Doc. 1. Approximately eight months later, on March 22, 2012, after extensive briefing, the Court granted THI's petition and ordered that the claims be arbitrated. *See, e.g.*, Doc. 29 at 40. "However, two of the other parties seeking arbitration" appealed the Court's decision to deny their "motion to compel arbitration, and the arbitration process did not begin until the conclusion of that appeal." Doc. 44 at 5. Consequently, the arbitration process did not begin until January 31, 2013. *See id.*

Arbitrator Bruce Hall conducted the arbitration "in late November and early December, 2014, in Albuquerque, New Mexico." *Id.* at 6. After some delay wrought by payment issues, the Arbitrator published an Award in Plaintiff's favor. *See id.* at 7. *See also* Doc. 41-5 at 18. In the Arbitration Award, the Arbitrator noted that he would "entertain a motion for further relief and costs if submitted within twenty

2

(20) days of the service of this Arbitration Award." Doc. 41-15 at 18. The Parties subsequently briefed the issue extensively and, on April 15, 2015 the Arbitrator ordered THI to pay certain fees, costs, and interest associated with the Arbitration. THI now moves this Court for relief from these awards.

## DISCUSSION

**I.  Arbitration Awards Under the Federal Arbitration Act**

The Federal Arbitration Act ("FAA" or "the Act") establishes "a national policy favoring arbitration of claims that parties contract to settle in that manner," and "provides that arbitration agreements in contracts 'involving commerce' are 'valid, irrevocable, and enforceable.'" *Vaden v. Discover Bank*, 556 U.S. 49, 58 (2009) (quoting 9 U.S.C. § 2). *See also Abbott v. Mulligan*, 647 F. Supp. 2d 1286, 1289 (D. Utah 2009) ("The Federal Arbitration Act ('FAA') instituted a national policy favoring efficient resolution of disputes through voluntary arbitration agreements with minimal judicial intervention."). "The Act also supplies mechanisms for enforcing arbitration awards: a judicial decree confirming an award, an order vacating it, or an order modifying or correcting it." *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). The Act cabins significantly the Court's discretion when confronted with such an award, requiring that the court "'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11." *Id.*

In the Tenth Circuit, these enumerated statutory grounds are exclusive, with the notable exception of the judicially-created "manifest disregard" standard. *See*

*Abbott v. Law Office of Patrick J. Mulligan*, 440 F. App'x 612, 618-19 (10th Cir. 2011) (explaining the circuit split regarding the "manifest disregard" theory and refusing to "jettison[]" the "manifest disregard" standard in the absence of clear guidance from the Supreme Court indicating that it is not encompassed in the grounds enumerated in § 10). *See also Cessna Aircraft Co. v. Acvorp Indus., Inc.*, 943 F. Supp. 2d 1191, 1195 (D. Kan. 2013) ("In addition to these statutory reasons [enumerated in 9 U.S.C. § 10], the Tenth Circuit allows an award to be vacated when the arbitrators acted in manifest disregard of the law or when the award violates public policy."); *DMA Intern., Inc. v. Qwest Commc'n Intern., Inc.*, 585 F.3d 1341, 1344 (10th Cir. 2009) ("An arbitration award will only be vacated for the reasons enumerated in the FAA, 9 U.S.C. § 10, or for a handful of judicially-created reasons.") (internal quotation marks omitted); *Hosier v. Citigroup Glob. Mkts, Inc.*, 835 F. Supp. 2d 1098, 1102 (D. Colo. 2011) ("Both the Supreme Court and the Tenth Circuit, however, have expressly declined invitations to say whether the manifest disregard standard survives Hall Street."). Absent such modification or vacatur, "the court must grant such an order" confirming the arbitration award. 9 U.S.C § 9.

For these purposes, "manifest disregard" requires "more than error or misunderstanding with respect to the law." *Cessna*, 943 F. Supp. 2d at 1196 (internal quotation marks omitted). *See also ARW Expl. Corp. v. Aguirre*, 45 F.3d 1455, 1463 (10th Cir. 1995) ("This Court has characterized the manifest disregard standard as willful inattentiveness to the governing law" and "[m]anifest disregard of the law clearly means more than error or misunderstanding with respect to the

4

law.") (internal quotation marks omitted). Accordingly, for this Court to vacate an arbitration award on these grounds, the Court must find that the arbitrator "knew the law and explicitly disregarded it." *DMA Int'l*, 585 F.3d at 1344 (internal quotation omitted). "Notably, the manifest disregard standard applies only to conclusions of law, not to the arbitrators' factual findings, which are beyond review." *Hosier*, 835 F. Supp. 2d at 1102 (citing *Kennecott Utah Copper Corp. v. Becker*, 195 F.3d 1201, 1204 (10th Cir.1999)).

## II. Defendant's Motions to Vacate or Modify Arbitration Award of Costs and Interest [Doc. 41]

Succinctly stated, THI argues in its Motion to Vacate or Modify Arbitration Award of Costs and Interest [Doc. 41] that the arbitration award should be set aside for two general reasons. First, the Facility contends that "the arbitrator concluded that the NMUAA applies because the arbitration agreement does not 'exclude jurisdiction for arbitration' under the NMUAA" and that "the parties were not required to expressly exclude the NMUAA in their agreement because the agreement's designation of the FAA as the controlling law unambiguously expressed the parties' intent that all other statutory provisions, including the NMUAA, were inapplicable." Doc. 41-1 at 4-5. Second, THI reasons that the arbitrator erred in finding that "the Facility tacitly assented to NMUAA Section 44-7A-22 by not correcting the arbitrator's erroneous 'assumption' that the NMUAA governed the arbitration" in part because "there was no need for a formal response, other than furnishing the arbitrator with a copy of the arbitration agreement,

because the agreement itself made clear that the arbitrator's assumption was wrong." *Id.* at 6-7. In the alternative, THI requests that "the Court should modify the portion of it that requires the Facility to pay prejudgment interest accruing prior to Plaintiff's initiation of the arbitration" because the arbitrator "manifestly disregarded" the "Court's prior ruling that Plaintiff unlawfully violated the parties' arbitration agreement by suing the Facility in state court in the first place." *Id.* at 7-8.

Neither of THI's two proposed bases for vacatur is meritorious. With respect to the first Motion, the Court rejects THI's request to vacate the arbitration award for two independent reasons. First, irrespective of whether the Court concurs with the Arbitrator's interpretation of the underlying arbitration agreement, it is obvious that the Arbitrator here construed the relevant contract. Indeed, in its written Order on Plaintiff's Post-Arbitration Motion for Fees and Costs [Doc. 41-3] the Arbitrator explained that the "agreement to arbitrate states that it is governed by and interpreted under the Federal Arbitration Act; it does not exclude jurisdiction for the arbitration under the Uniform Arbitration Act of New Mexico, 44-7A-l NMSA 1078 ('the Act') a statute which applies to all arbitration agreements contracted within New Mexico." Doc. 41-3 at 3. Plainly, the Arbitrator construed the agreement. In accordance with Supreme Court precedent, this Court will not second-guess the interpretation of a bargained-for arbitrator who "even arguably" construed the relevant agreement. *See Oxford Health Plans LLC v. Sutter*, 133 S. Ct. 2064, 2068 (2013) ("Because the parties bargained for the arbitrator's

construction of their agreement, an arbitral decision even arguably construing or applying the contract must stand, regardless of a court's view of its (de)merits" and "the sole question for us is whether the arbitrator (even arguably) interpreted the parties' contract, not whether he got its meaning right or wrong.") (internal quotation marks omitted).  *See also San Juan Coal Co. v. Int'l Union of Operating Eng'rs, Local 953*, 672 F.3d 1198, 1201 (10th Cir. 2012) (explaining that an "arbitrator's factual findings are beyond review, **as is her interpretation of the contract** as long as it does not ignore the plain language of the collective bargaining agreement.").

Second, the Court notes that in its Order on Plaintiff's Post-Arbitration Motion for Fees and Costs [Doc. 41-3], the arbitrator explains that in its letter to the parties, it wrote that it assumed that the NMUAA applied, perhaps alongside the FAA, and "[i]f that assumption is not correct, would you please advise me of your respective positions?" Doc. 41-3 at 3 (emphasis original).  According to the arbitrator, "Defendant responded not at all to the Arbitrator's assumption, and therefore is deemed to have assented to the application of the Act." *Id.*  While THI argues that "there was no need for a formal response, other than furnishing the arbitrator with a copy of the arbitration agreement, because the agreement itself made clear that the arbitrator's assumption was wrong," this contention only serves to underscore that THI did not provide a formal response. Doc. 41-1 at 7.  Here, the Court will not, indeed, it cannot, upset the Arbitrator's factual determination that the Facility consented to the application of the NMUAA in this arbitration.  *See*

*Cessna*, 943 F. Supp. 2d at 1198 ("the panel's factual findings are beyond the court's review."); *Mulligan*, 647 F. Supp. 2d at 1290 ("mere erroneous factual findings, or misinterpretations or misapplications of the law will not, without more, justify reversal of an award."). *See also Kennecott Utah Copper Corp. v. Becker*, 195 F.3d 1201, 1204 (10th Cir. 1999) ("The arbitrator's factual findings are beyond review") (internal quotation marks omitted).

Finally, the Court sees no basis on which to "modify the portion of [the Award] that requires the Facility to pay prejudgment interest accruing prior to Plaintiff's initiation of the arbitration." Doc. 41-1 at 7. In effect, THI's entire argument in support of the requested modification is predicated on the assumption that the Arbitrator "exceeded his authority and willfully disregarded controlling law in" concluding "that the NMUAA applied to the Arbitration and that the NMUAA provides the authority to award such damages [including interest] against the Facility." Doc. 49 at 9. That is, in THI's view, the "arbitrator's ruling is thus preempted by, and unenforceable under, the FAA," notwithstanding the fact that "the arbitrator interpreted the arbitration agreement and applied New Mexico arbitration law" in electing to award prejudgment interest. Doc. 41-1 at 8. Having already ruled that the Arbitrator did not "manifestly disregard" the law by applying the NMUAA in this case and seeing no reason to believe that the FAA preempts state arbitration laws, the Court rejects the Facility's request to modify the Award.

### III. Defendant's Motions to Vacate Arbitration Award [Doc. 47] and Plaintiff's Cross-Motion to Confirm Arbitration Award and Award of Interest, Fees and Costs [Doc. 45]

In its second Motion to Vacate [Doc. 47], the Facility argues that the award should be vacated because "the arbitrator manifestly disregarded well-settled New Mexico negligence law" by "presuming that the Facility caused Ms. Duran's fall and resulting injuries based on the mere fact that the fall occurred." Doc. 47-1 at 4. In THI's view, it "specifically brought these and other controlling authorities to the arbitrator's attention, but the arbitrator ignored them." *Id.* at 5. Thus, by the Facility's reasoning, the "arbitrator manifestly disregarded New Mexico law in drawing this inference" because: (1) "the inference [about the cause of the fall] was merely supposition and conjecture" and (2) "the arbitrator imposed negligence liability on the Facility based on the presumption that it was to blame for Ms. Duran's fall merely because the fall occurred" rather than based on a specific factual finding. *Id.* at 5-7.

Reference to the Arbitrator's Arbitration Award [Doc. 47-3] quickly disposes of this argument. It is plain that the Arbitrator considered extensively the factual circumstances surrounding the incident and concluded that "causal connection may be found to exist without proof of the specific circumstances occurring in Ms. Duran's room, if it can be reasonably inferred that with greater intervention Ms. Duran's fall would never have happened." Doc. 47-3 at 15. *See also* Doc. 53 at 11 (Plaintiff noted that "Arbitrator Hall viewed the evidence presented of Mrs. Duran's behavior prior to the fall, Mrs. Duran's prior two falls at the nursing home, the

9

nursing home's failure to document or investigate these falls, the nursing home's failure to contact her physician in light of her increased restlessness…").

While THI insists that the Arbitrator substituted "mere[] supposition and conjecture" for an actual finding of causation, this is emphatically not the case. Instead, the Arbitrator noted that, given the Ms. Duran's history of falling in the nursing home, the Facility's duty to care for Ms. Duran, and the Facility's failure to investigate or otherwise address Ms. Duran's condition, the Facility, in this context, could be deemed to have "caused" the fall by failing to prevent it.  Accordingly, the Court perceives no error so manifest as to imply that the Arbitrator "disregarded" the relevant law, as would demand that this Court overturn the Arbitrator's considered determination.  *See Bowen v. Amoco Pipeline Co.,* 254 F.3d 925, 932 (10th Cir. 2001) ("Our review of the arbitration panel's decision under the FAA is strictly limited; this highly deferential standard has been described as among the narrowest known to the law.") (internal quotation marks omitted); *Hosier*, 835 F. Supp. 2d at 1101 ("arbitral awards must be confirmed even in the face of errors in an arbitration panel's factual findings, or its interpretation and application of the law.").  For this selfsame reason, the Court will grant Plaintiff's Cross-Motion.  *See Hall Street*, 552 U.S. at 582 (a court "must confirm an arbitration award unless it is vacated, modified, or corrected as prescribed' in §§ 10 and 11"). *See also* 9 U.S.C. § 9 ("the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.").

IV.  **Arbitrator's Motion to Compel Payment of Arbitrator's Fees [Doc. 57]**

On February 1, 2016, the Arbitrator withdrew his Motion to Compel Payment of Arbitrator's Fees.  *See generally* Doc. 63.  Accordingly, the Court will treat this Motion as moot.

## CONCLUSION

For the foregoing reasons, **IT IS THEREFORE ORDERED THAT**, THI of New Mexico at Vida Encantada, LLC's Motion to Vacate or Modify Arbitration Award of Costs and Interest [Doc. 41] is **DENIED,** Plaintiff's Cross-Motion to Confirm Arbitration Award and Award of Interest, Fees and Costs [Doc. 45] is **GRANTED,** Defendant THI's Motion to Vacate Arbitration Award [Doc. 47] is **DENIED,** and the Arbitrator's Motion to Compel Payment of Arbitrator's Fees [Doc. 57] is **MOOT.**

Dated this 18th day of February, 2016.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Lori D. Proctor, *et al.*
**Cooper & Scully, PC**
Houston, Texas
*Attorney for Plaintiff THI*

Dusti Harvey, *et al.*
**Harvey Law Firm, LLC**
Albuquerque, New Mexico
*Attorney for Defendant Lovato*